962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert Lee ROWLAND, Jr., Defendant-Appellant.
 No. 91-5887.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 1, 1992
Decided: May 19, 1992
 
 Edwin A. Williams, Kellogg, Williams & Lyons, Vienna, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Michael E. Rich, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Lee Rowland appeals from his conviction of use of a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 1991). Because we find that the affidavit of a state police officer in support of the search warrant to search Appellant's residence adequately supported the magistrate's determination of probable cause to issue the warrant, the district court did not err in denying Appellant's motion to suppress. We therefore affirm his conviction.
 
 
 2
 A state police officer stated in his affidavit in support of a search warrant to search Appellant's residence that "a confidential, reliable informant" who had made several controlled drug purchases for the Virginia State Police came to him "within the past 72 hours ... and provided information regarding the distribution of marijuana" at the residence at 6003 Ticonderoga Court, Burke, Virginia. The officer continued that the informant "observed the distribution of marijuana inside the residence and that additional marijuana was there and available for purchase." The officer independently verified the description and location of the house.
 
 
 3
 The magistrate issued the warrant, and the officers executed it on the same day. They discovered marijuana, drug paraphernalia, over $4000 in currency, and several firearms on the premises. Appellant was indicted for using or carrying a firearm in relation to a drug trafficking crime. The district court denied Appellant's pre-trial motion to suppress evidence obtained during the search, and a jury convicted him of the offense. Rowland noted a timely appeal to this Court.
 
 
 4
 Appellant argues that the affidavit in support of the search warrant did not provide adequate information on the informant's veracity and basis of knowledge or the time and circumstances under which the informant made his observations. He continues that if the warrant is not supported with probable cause, the police officers who executed the search could not benefit from the good-faith exception of United States v. Leon, 468 U.S. 897 (1984).
 
 
 5
 In reviewing a magistrate's probable cause determination, this Court gives great deference to the magistrate's assessment of the facts presented to him. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). This Court need only determine if the magistrate had substantial basis for determining that probable cause existed. Id. However, where, as here, the facts are not in dispute, this Court reviews the magistrate's finding de novo. United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991).
 
 
 6
 We conclude from the police officer's affidavit in support of the search warrant that the magistrate indeed had substantial basis for his determination that probable cause existed to search Rowland's residence. The magistrate had specific, timely information, that was corroborated in part, which supported the magistrate's finding. See United States v. McCall, 740 F.2d 1331 (4th Cir. 1984). Moreover, even if we were to find the affidavit deficient, we agree with the district court that the Leon good-faith exception would apply. Therefore, Rowland's motion to suppress was properly denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED